IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **REV. JOHN SHANE VAUGHN,** | § | **PLAINTIFF** |
| *individually and as the founding* | § | |
| *minister and representative of* | § | |
| *First Harvest Ministries International,* | § | |
| *a place of religious worship* | § | |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:26-cv-23-HSO-BWR** |
| | § | |
| | § | |
| **ALLEN TROST, et al.** | § | **DEFENDANTS** |

**ORDER DISMISSING REMAINING FEDERAL CLAIMS WITH PREJUDICE,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION, AND
DISMISSING STATE-LAW CLAIMS WITHOUT PREJUDICE**

In this case, Plaintiff Rev. John Shane Vaughn ("Plaintiff") raises federal and state-law claims related to Defendants' alleged activities near his and First Harvest Ministries International's properties. *See* Am. Compl. [27]. The Court has dismissed Plaintiff's federal claims against some Defendants on their Motions [38], [44] to Dismiss, and required Plaintiff to show cause why the federal claims against the remaining Defendants should not be dismissed for failure to state a claim. *See* Order [60] at 21-22. Because Plaintiff has not done so, the federal claims against the non-moving Defendants will be dismissed with prejudice. The Court will also decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and will dismiss those claims without prejudice.

I.  BACKGROUND

According to Plaintiff, he is "the Founding Apostolic Overseer of First Harvest Ministries International ('FMHI')," which is a "Hebrew Roots ministry with

its principal place of worship located in Waveland, Harrison County [sic], Mississippi." Am. Compl. [27] at 3.  Plaintiff filed a Complaint [1] in this Court, followed by an Amended Complaint [27], "individually and as the founding minister and representative of First Harvest Ministries International, a place of religious worship whose congregants' rights are directly implicated by Defendants' conduct." *Id.* at 2.  The Amended Complaint [27] advances a variety of claims against numerous Defendants, including federal claims under 42 U.S.C. § 1985(3) (Count I) and the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248(a)(2) (the "FACE Act") (Counts III and IV), along with state-law claims (Counts VI through XIII).  *Id.* at 15-25.[1]

Defendants Eric Blackmun, Lindsey Chaney, Jennifer Kinder, Chris Melton, Kimberly Melton, Toni F. Silcox, Andy Sprouse, Joanna Sprouse, Allen Trost, Katrina Trost, and Charles Flake (collectively, "Movants") filed Motions [38], [44] to Dismiss, which the Court granted in part as to Plaintiff's federal claims and denied without prejudice in part as to his state-law claims.  *See* Order [60] at 21.  At that time, the Court gave notice to Plaintiff that it intended to dismiss his federal claims against the remaining, non-moving Defendants under Federal Rule of Civil Procedure 12(b)(6).  *See id.* at 20-21.  The Court stated that Plaintiff "may file any Response in opposition to that notice on or before **April 27, 2026**," and it cautioned that,

> if [Plaintiff] fails to demonstrate why these federal claims should not be dismissed for failure to state a claim for relief, the federal claims as alleged in his Amended Complaint [27] against Defendants Brianna

---

[1] The Amended Complaint [27] does not contain a Count II or V.  *See* Am. Compl. [27].

Flake, Jane Doe a/k/a Lilly Lou, Jane Doe a/k/a Glenda Goodwitch, Lilly Lou Warriors, and Does 1-20 will be dismissed with prejudice, without further notice to him.

*Id.* at 21-22 (emphasis in original).  That deadline has passed, and Plaintiff has not filed any Response or sought additional time to respond.  *See id.*

## II.  DISCUSSION

A.    Whether the Amended Complaint [27] States Plausible Federal Claims against Non-Movants

1.    Relevant Legal Standard

A complaint "must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face." *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (quotation omitted).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A court "accept[s] all well-pleaded allegations as true and construe[s] the complaint in the light most favorable to the plaintiff," but it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotations omitted).

2.    Plaintiff's Federal Claims against Non-Moving Defendants

The Amended Complaint [27] advances three federal claims against Defendants.  *See* Am. Compl. [27].  Count I asserts a conspiracy to interfere with

3

civil rights claim against "All Private Defendants" under 42 U.S.C. § 1985(3), *id.* at 15, while Counts III and IV raise claims under the FACE Act against "All Defendants Who Participated in or Aided the Intimidation or Interference With Worship Access," *id.* at 18, 20.  These federal claims have been dismissed as to Movants, and the Court provided Plaintiff notice that it intended to dismiss them as against the other Defendants under Rule 12(b)(6).  *See* Order [60] at 21-22.

Plaintiff has not timely responded to the Court's notice, nor has he sought additional time to file a Response, and he has not otherwise demonstrated how the remaining federal claims plausibly state a claim for relief against any non-moving Defendants.  For the same reasons stated in the Court's Order [60] as to the Movants, the Court finds that the federal claims against the non-moving Defendants should also be dismissed with prejudice.  *See id.*

B.    <u>Whether the Court Should Exercise Supplemental Jurisdiction over the Remaining State-Law Claims</u>

Only Plaintiff's state-law claims remain in this case.  *See* Am. Compl. [27]. 28 U.S.C. § 1367(a) affords supplemental jurisdiction over state-law claims not within the Court's original jurisdiction,[2] but that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).  The statute also "spells out circumstances . .

---

[2]  Plaintiff did not invoke diversity jurisdiction, alleging only that "[t]his Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 18 U.S.C. § 248(c)(1)(A) (FACE Act private right of action)."  Am. Compl. [27] at 2; *see* Compl. [1] at 2 (same).  The Amended Complaint [27] does not disclose the parties' citizenship for diversity purposes, and it pleads that Plaintiff and at least some Defendants reside in Mississippi.  *See* Am. Compl. [27] at 3-7; Compl. [1] at 3-6.  Plaintiff therefore has not shown original jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1332(a).

4

. in which a federal court may decline to hear a state claim falling within the statute's bounds," *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025), including if "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam) (quotation omitted). In deciding whether to exercise supplemental jurisdiction, a court considers the "common law factors of judicial economy, convenience, fairness, and comity." *Id.* (quotation omitted). "And based on these factors, [the Fifth Circuit has] elucidated the general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Id.* (quotation omitted).

Considering the foregoing factors, the Court finds that it should decline to exercise supplemental jurisdiction over any remaining state-law claims, which are not within its original jurisdiction. *See id.*; 28 U.S.C. § 1367(c)(3). This case remains in its infancy, and no Case Management Order has been entered or trial date set. No discovery has occurred, and the federal claims have all been dismissed well in advance of any trial. The Court therefore declines to exercise supplemental jurisdiction and will dismiss all state-law claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Rev. John Shane Vaughn's federal claims as pled in the Amended Complaint [27] against Defendants Brianna Flake, Jane Doe a/k/a Lilly Lou, Jane Doe a/k/a Glenda Goodwitch, Lilly Lou Warriors, and Does 1-20 are **DISMISSED WITH PREJUDICE** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff Rev. John Shane Vaughn's remaining state-law claims, and those claims as against all Defendants are **DISMISSED WITHOUT PREJUDICE**.  A separate Final Judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of April, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE